NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000808
08-NOV-2021
08:34 AM
Dkt. 141 ODSD**

NO. CAAP-18-0000808

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

RONALD GIT SUM AU, Plaintiff-Appellant, v.
CADES SCHUTTE LLP, DENNIS CHONG KEE, as partner and
individually, CHRISTOPHER T. GOODIN, as partner and
individually, TRUSTEES OF THE ESTATE OF BERNICE
PAUAHI BISHOP, also known as KAMEHAMEHA SCHOOLS,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 18-1-0559-04)

ORDER DISMISSING APPEAL
(By: Ginoza, C.J., Wadsworth and McCullen, JJ.)

Upon review of the record, it appears that:

(1) On March 29, 2021, Defendants-Appellees Cades
Schutte LLP (**Cades Schutte**), Dennis Chong Kee (**Chong Kee**), as
partner and individually, Christopher T. Goodin (**Goodin**), as
partner and individually, and Trustees of the Estate of Bernice
Pauahi Bishop, also known as Kamehameha Schools (collectively
**Appellees**), filed a Suggestion of Death Upon the Record for self-
represented Plaintiff-Appellant Ronald Git Sum Au. Attached to
the document is an exhibit, which indicates that Ronald Git Sum
Au is deceased.

(2) On April 1, 2021, this court issued an Order
(**April 1, 2021 Order**) stating, among other things, that any party
or a personal representative of Ronald Git Sum Au shall file,
within 30 days of the entry of the April 1, 2021 Order, a
statement advising this court whether a personal representative
has been appointed and, if so, whether that person wishes to

substitute into the case, under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 43(a).

(3) No response to the April 1, 2021 Order was filed.

(4) On July 6, 2021, this court issued an Order in the instant appeal (**July 6, 2021 Order**) recognizing that in an unrelated appeal, In the Matter of the Application of Ronald Git Sum Au v. 3908 Kamoku LLC, CAAP-17-0000586 (**3908 Kamoku Matter**), the appellees filed an amended suggestion of death upon the record for Ronald Git Sum Au, where counsel stated his belief that Natalie A. Nishida (**Nishida**) will be the personal representative of Ronald Git Sum Au's estate, and that Ronald Git Sum Au's son, Hawaiʻi attorney Ryan G.S. Au, does not represent Nishida in a legal capacity but agreed to accept and facilitate service on her behalf, noting that Ryan G.S. Au and Nishida are siblings.

(5) The July 6, 2021 Order stated, among other things, that any party or a personal representative of Ronald Git Sum Au shall file, within 30 days of the entry of the July 6, 2021 Order, a statement advising this court whether a personal representative has been appointed and, if so, whether that person wishes to substitute into the case, under HRAP Rule 43(a).

(6) The appellate clerk was ordered to mail a copy of the July 6, 2021 Order to, among others, Ryan G.S. Au at his address on record with the Hawaii State Bar Association, for distribution to Natalie A. Nishida. It appears the appellate court clerk did so on August 4, 2021.

(7) No response to either the April 1, 2021 Order or the July 6, 2021 Order was filed.

(8) On July 29, 2021, in the 3908 Kamoku Matter, Nishida, as Personal Representative for the Estate of Ronald Git Sum Au, by and through her counsel Gerald H. Kurashima, filed a motion for substitution of parties, which motion was granted by this court's order, filed on August 9, 2021. No such motion was filed in the instant appeal.

(9) On October 15, 2021, this court ordered, among other things that within 21 days from the date of the order, the parties shall file their respective position statements stating

how the death of appellant, and the failure of appellant's personal representative to file a motion to substitute as a party, affects this appeal.

(10) On October 18, 2021, Appellees Cades Schutte, Chong Kee, and Goodin filed their response to the October 15, 2021 Order. Attached to the response is a letter to Chong Kee and Goodin from Nishida indicating she does not wish to substitute into this case or to pursue this matter, and asking Chong Kee and Goodin to file a statement to that effect in this appeal. Appellees thus request that this appeal be dismissed, and they served Nishida with their October 18, 2021 response at the address indicated in Nishida's letter.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed, under HRAP Rule 43(a), based upon Nishida's decision not to substitute into this case.

IT IS FURTHER ORDERED that the appellate clerk shall mail a copy of this order to Ronald Git Sum Au at his address on record with the Hawaii State Bar Association.

IT IS FURTHER ORDERED that the appellate clerk shall mail a copy of this order to Nishida at the following address as reflected in her letter to Chong Kee and Goodin: 45-230 Mahinui Place, Kaneohe, Hawaii 96744.

DATED: Honolulu, Hawaiʻi, November 8, 2021.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

3